IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
July 23, 2019 Session

## STATE OF TENNESSEE v. TOSHA MARIE SILCOX

**Appeal from the Circuit Court for Blount County
No. C-22754 David Reed Duggan, Judge**

_____

### No. E2018-02206-CCA-R3-CD
_____

Defendant, Tosha Marie Silcox, appeals from the trial court's revocation of her probation in November 2018. Without presenting the issue to the trial court, Defendant now challenges the trial court's 2016 probation revocation order, which modified Defendant's original 2014 sentence. The modified probation order required Defendant to serve a sentence of split confinement for a period of one year and extended Defendant's probation. With regard to the 2018 revocation, Defendant argues that the State failed to prove that Defendant disobeyed a lawful order of the probation officer and that she used "abusive, threatening, or intimidating behavior" towards her probation officer. After hearing oral argument and conducting a full review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Rick A. Owens, Alcoa, Tennessee, for the appellant, Tosha Marie Silcox.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Mike L. Flynn, District Attorney General; Tracy Jenkins, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Factual and Procedural Background*

In July of 2014, Defendant pleaded guilty to one count of identity theft. Defendant received a four-year sentence, to be served on supervised probation. On July 25, 2016, the trial court found a material probation violation, extended Defendant's sentence three years from the date of the hearing, and ordered split confinement of one year with the balance of the sentence to be served under the supervision of State Probation and Parole.

On August 3, 2018, probation officer Bruce Paulson filed a probation violation report alleging that Defendant violated her probation by disobeying instructions given by her probation officer, refusing to provide a drug screen sample, falsifying a drug screen by diluting the sample she provided to the testing officer, and engaging in abusive, threatening, or intimidating behavior toward Officer Ashley Watson and Officer Paulson. On August 6, 2018, based on the foregoing information, the trial court entered a violation of probation warrant against Defendant.

At the hearing on the probation violation in November of 2018, Officer Watson testified that on July 31, 2018, Defendant went to the Blount County probation office to meet with her probation officer, Officer Paulson.[1] Defendant was instructed to provide a urine sample for drug screening. The first sample Defendant provided was not large enough to be sent to the lab, and Officer Paulson instructed her to remain at the office until she could produce another sample. Officers gave Defendant water to drink, and Defendant attempted to produce a second sample. While attempting to produce the second sample, Defendant asked for the water to be turned on in the bathroom. Officer Watson denied her request. Defendant became aggressive; she yelled, screamed, and cursed at Officer Watson. During this outburst, Defendant called Officer Watson an "arrogant bitch" and "arrogant officer." Officer Watson instructed Defendant to stop talking and produce a sample. Despite being told not to leave the premises before the drug screening was complete, Defendant left the premises without signing the form that is sent with the sample to the lab. Defendant testified that she did not curse or behave disrespectfully toward Officer Watson and that she sent Officer Paulson a text stating she was leaving the office to go to work.

The trial court found that Defendant had materially violated the terms of her probation. As a result, the trial court revoked Defendant's probation and ordered her to serve the original sentence. On December 11, 2018, Defendant filed a notice of appeal.

*Analysis*

---

[1] Officer Watson testified that Officer Paulson was no longer employed with the Department of Correction Board of Probation and Parole at the time of the hearing.

On appeal, Defendant challenges the July 25, 2016 partial revocation of probation, in which the trial court ordered her to serve a split confinement of incarceration for one year and extended her probation for three years. With respect to the November 19, 2018 decision, Defendant argues that the State failed to prove that she disobeyed a lawful order and that she used abusive, threatening, or intimidating behavior.

## I. 2016 Revocation

Defendant argues that Tennessee Code Annotated section 40-30-308(c) does not allow a trial court, upon finding a material violation of the terms of probation, to order a defendant to serve a split confinement of incarceration for a period of one year and, at the same time, extend the probationary period for three years. Defendant also argues that the July 2016 revocation constituted an illegal sentence under Tennessee Rule of Criminal Procedure 36.1. The State replies that Defendant's claim is not properly before this Court. The State further replies that if this Court determines that the appeal is timely, the trial court's sentence was not illegal under Rule 36.1.

The current appeal is from the judgment filed on November 19, 2018, which was the full revocation of probation. The November 2018 judgement only involved probation violations from July 2018. The technical record does not contain any documentation with regard to the probation violation or partial revocation from 2016. Although Defendant attached a copy of the July 25, 2016 Violation Order as an exhibit to her brief, we cannot consider it as it was not properly made a part of the record before this Court. *See State v. Matthews*, 805 S.W.2d 776, 783 (Tenn. Crim. App. 1990); Tenn. R. App. P. 24(e). "'When a party seeks appellate review there is a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal.'" *State v. Clayton*, 535 S.W.3d 829, 848 (Tenn. 2017) (quoting *State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993)); *see* Tenn. R. App. 24(b).

Moreover, Tennessee Rule of Appellate Procedure 4 states that an appeal as of right shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from. Defendant's notice of appeal with respect to the July 2016 revocation is over two years late. While the timeliness of the notice of appeal is not jurisdictional in criminal cases, it may only be waived in the interests of justice. *See State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) (noting that "[w]aiver is not automatic"). Because Defendant failed to include anything in the record with respect to the July 2016 revocation, the interests of justice do not require this Court to waive the timely filing of the notice of appeal. Thus, Defendant's claims with respect to the July 2016 revocation are not properly before this Court.

## II. 2018 Revocation

Defendant argues the State failed to prove that she disobeyed a lawful order of the probation officer and failed to prove that she used abusive, threatening, or intimidating behavior. The State replies that the trial court accredited the testimony of the probation officer, which established that a violation of probation occurred. Additionally, the State contends that Defendant admitted to leaving the premises without permission. Thus, the trial court did not abuse its discretion by revoking Defendant's probation in full.

Upon a finding by a preponderance of the evidence that a defendant has violated the conditions of probation, the trial court "shall have the right . . . to revoke the probation." T.C.A. § 40-35-311(e)(1). After revoking a defendant's probation, the trial court is authorized to order a defendant to serve the balance of his original sentence in confinement, return a defendant to probation with modified conditions as necessary, or extend the period of probation by no more than two years. T.C.A. §§ 40-35-308, -310. The revocation of probation rests in the sound discretion of the trial court and will not be overturned by this Court absent an abuse of that discretion. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991); *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995); *see also State v. Pollard*, 432 S.W.3d 851, 864 (Tenn. 2013) (holding that an abuse of discretion standard with a presumption of reasonableness applies to all sentencing decisions). An abuse of discretion occurs when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see also State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). As this Court has recognized, "[a d]efendant's admission that he violated the terms of his probation, alone, constitutes substantial evidence to support the revocation of probation." *State v. Ross Pruitt*, No. E2015-01494-CCA-R3-CD, 2016 WL 3342356, at *4 (Tenn. Crim. App. June 8, 2016) (citing *State v. Christopher Nathaniel Richardson*, No. M2006-01060-CCA-R3-CD, 2007 WL 776876, at *4 (Tenn. Crim. App. Mar. 15, 2007), *no perm. app. filed*), *no perm. app. filed*; *see State v. Johnson*, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999).

In this case, Officer Watson testified that Defendant used abusive, threatening, or intimidating behavior and that Defendant left without receiving permission from Officer Paulson. Defendant admitted that she did not receive permission from Officer Paulson to leave but claimed that she sent him a text telling him she was leaving. The trial court found Officer Watson's testimony credible. Questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990). The rules of Defendant's probation prohibited her from engaging in any assaultive, abusive, threatening, or intimidating behavior and required her to follow instructions given by her probation officer. The trial court also noted the two prior violations of probation that had formed the basis of the partial revocation in 2016. There is substantial evidence in the record to support the trial court's finding that Defendant violated the conditions of her probation by the way

Defendant behaved while at her probation office on July 31, 2018.  Therefore, the trial court did not abuse its discretion by revoking Defendant's probation and ordering her to serve her sentence.  Defendant is not entitled to relief.

*Conclusion*

Based on the foregoing, we affirm the judgment of the trial court.


_____
TIMOTHY L. EASTER, JUDGE